294.    On or about February 23, 2011, Plaintiff Joyce Robinson was present in a Philadelphia Pennsylvania neighborhood.

295.    On or about the same time, Defendant Officer Walker and other Philadelphia police officers were also present in the same neighborhood, and Defendant Officer Walker was driving an unmarked police vehicle.

296.    Defendant Officer Walker then approached Robinson in the unmarked police vehicle, exited the car, and stopped Robinson without legal justification.

297.    Defendant Officer Walker then planted drugs on Robinson, alleged that the drugs belonged to Robinson, and confiscated $35 from Robinson.

298.    Plaintiff Joyce Robinson, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction, was arrested and transported to a police district where she was arraigned on the following charge:

    a.  Intentional possession of a controlled substance by a person not registered to possess the controlled substance, pursuant to 35 P.S. §780-113.

299.    The Defendant Officer Walker caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Robinson for the incident described in this complaint.

300.    The Defendant Officers were aware of exculpatory information about the Robinson.

301.    The exculpatory information known to police that was not provided to Robinson included the real facts and circumstances of the incident.

302.    The Defendant Officers misrepresented the events that led to the arrest of Joyce Robinson and the misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Joyce Robinson's rights.

303.    The Defender Association of Philadelphia represented Robinson in her criminal proceeding.

304.    In a trial, Robinson stipulated to her guilt in exchange for a sentence of four months probation.

305.    Joyce Robinson served four months probation for this conviction.

306.    As a result of Defendant Walker's activities as described above and his subsequent suspension, Joyce Robinson 's criminal case was *nolle prossed* by the Philadelphia District Attorney's Office on September 26, 2014.

307.    Plaintiff Joyce Robinson was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.

308.    More specifically, Defendant Officer Walker seized and arrested Joyce Robinson, and instituted criminal proceedings against Joyce Robinson without probable cause and with malice.

309.    The criminal proceedings were terminated in favor of Joyce Robinson.

310.    Defendant Officer Walker's conduct was the direct and proximate cause of Plaintiff Joyce Robinson's harm.

WHEREFORE, Plaintiff Joyce Robinson demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and

punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

### COUNT XXIII
### Plaintiff Joyce Robinson
### Supplemental State Law Claim
### Against Defendant Officer Jeffrey Walker
### *Malicious Prosecution*

311.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

312.    Plaintiff Joyce Robinson was damaged and injured as set forth above by Defendant Officer Walker in that they intentionally and unlawfully instituted criminal proceedings against Plaintiff without probable cause and with malice.

313.    The criminal proceedings were terminated in favor of Joyce Robinson.

314.    Defendant's conduct was the direct and proximate cause of Plaintiff's harm.

WHEREFORE, Plaintiff Joyce Robinson demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just.

### COUNT XXIV
### Plaintiff Joyce Robinson
### 42 U.S.C. § 1983 Against Defendant City of Philadelphia

315.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

316.    Plaintiff Joyce Robinson was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant City of Philadelphia in that its Police Officers, as described in detail in preceding paragraphs, engaged in police misconduct in violation of Plaintiff's constitutional rights while acting under color of law.

317.    Prior to February 23, 2011, Defendant City of Philadelphia developed and maintained policies and/or customs of police misconduct exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

318.    It was the policy and/or custom of Defendant Police Officers to engage while on-duty in criminal conduct, including but not limited to official oppression, perjury, false swearing, unsworn falsification to authorities, false incrimination of others, fictitious reports, tampering with or fabricating physical evidence, tampering with public records or information, intimidation of witnesses or victims, retaliation against witnesses or victims, falsification of police documents, obstruction of administration of law, robbery, theft by unlawful taking, theft by extortion, theft by deception, theft from a motor vehicle, receiving stolen property, illegal searches, unlawful restraint, kidnapping, false imprisonment, criminal coercion, illegal asset forfeiture, excessive use of force, assault and battery, harassment, and criminal conspiracy.

319.    It was the policy and/or custom of Defendant City of Philadelphia to insufficiently supervise, train and/or re-train, and/or discipline against the police misconduct set forth in this Complaint.

320.    It was the policy and/or custom of Defendant City of Philadelphia to inadequately supervise, train and discipline its Police Officers, including the Defendant

Police Officers, against a code of silence or "blue code" of Police Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Police Officers.

321.   The present and past Philadelphia Police Commissioners and Deputy Commissioners with policy-making authority had actual knowledge and/or constructive knowledge of the policies and customs of Philadelphia Police Department failing to sufficiently supervise, train and/or re-train, and discipline against the police misconduct set forth in this Complaint.

322.   As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Police Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

WHEREFORE, Plaintiff Joyce Robinson demands judgment against Defendant City of Philadelphia in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XXV
### Plaintiff Baron Adams
### 42 U.S.C. § 1983
### Against Defendant Officer Jeffrey Walker
### *Malicious Prosecution*

323.   All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

324.    On or about May 3, 2011, Plaintiff Baron Adams was present inside his residence at 416 South 62nd Street in Philadelphia, Pennsylvania.

325.    On or about the same time, Defendant Officer Walker approached and stopped Adams as he walked out of his residence.

326.    Defendant Officer Walker then planted drugs on the person of Adams and alleged that they belonged to Adams.

327.    Defendant Officer Walker confiscated and stole $300 that Adams had in his wallet.

328.    Defendant Officer Walker then entered the residence of Adams, illegally searched the house, and confiscated and stole an additional $9,000.00 from Adams.

329.    Baron Adams, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction, was arrested and transported to a police district where he was arraigned on the following charges:

        a.     Manufacture, delivery, or possession with intent to deliver a controlled    substance, pursuant to 35 P.S. §780-113; and

        b.     Intentional possession of a controlled substance by a person not registered to  possess the controlled substance, pursuant to 35 P.S. §780-113; and

        c.     Use or possession of drug paraphernalia, pursuant to 35 P.S. §780-113.

330.    The Defendant Officer Walker and other officers prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff Baron Adams for the incident described in this complaint.

331.    The Defendant Officer Walker was aware of exculpatory information about the Plaintiff Baron Adams.

332.    The exculpatory information known to police that was not provided to Baron Adams included the real facts and circumstances of the incident.

333.    The Defendant Officer misrepresented the events that led to the arrest of Baron Adams, and the misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Baron Adams's rights.

334.    Private counsel represented Baron Adams in his criminal proceeding.

335.    After a motion to suppress was denied in municipal court, Adams's pled guilty to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.

336.    Baron Adams served eighteen months of probation and was assessed $1,661.44 in court costs for the conviction.

337.    As a result of Defendant Officer Walker's activities as described above and his subsequent termination, Baron Adams's criminal case was *nolle prossed* by the Philadelphia District Attorney's Office on September 26, 2014.

338.    As a direct and proximate result of the Defendants' actions, Plaintiff Baron Adams was deprived of his rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

339.    The actions and/or inactions of the Defendants violated the constitutional rights of Baron Adams to be free from use of excessive, unreasonable, and unjustified force against his person, the right to be free from malicious prosecution, and the right to due process of law.

340.    All actions taken by the Defendant Walker in this case were taken under color of state law.

341.    As a direct and proximate result of the actions and/or inactions of the Defendants in this case, Baron Adams has suffered physical pain, loss of liberty, anxiety, fear, mental harm, and financial loss

WHEREFORE, Plaintiff Baron Adams demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

### COUNT XXVI
### Plaintiff Baron Adams
### Supplemental State Law Claim
### Against Defendant Officer Jeffrey Walker
### *Malicious Prosecution*

342.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

343.    Plaintiff Baron Adams was damaged and injured as set forth above by Defendant Officer Walker in that they intentionally and unlawfully instituted criminal proceedings against Plaintiff Baron Adams without probable cause and with malice.

344.    The criminal proceedings were terminated in favor of Baron Adams.

345.    Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

WHEREFORE, Plaintiff Baron Adams demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just.

**COUNT XXVII**
**Plaintiff Baron Adams**
**42 U.S.C. § 1983**
**Against Defendant City of Philadelphia**

346.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

347.    Plaintiff Baron Adams was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant City of Philadelphia in that its Police Officers, as described in detail in preceding paragraphs, engaged in police misconduct in violation of Plaintiff's constitutional rights while acting under color of law.

348.    Prior to May 3, 2011, Defendant City of Philadelphia developed and maintained policies and/or customs of police misconduct exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

349.    It was the policy and/or custom of Defendant Police Officers to engage while on-duty in criminal conduct, including but not limited to official oppression, perjury, false swearing, unsworn falsification to authorities, false incrimination of others, fictitious reports, tampering with or fabricating physical evidence, tampering with public records or information, intimidation of witnesses or victims, retaliation against witnesses or

victims, falsification of police documents, obstruction of administration of law, robbery, theft by unlawful taking, theft by extortion, theft by deception, theft from a motor vehicle, receiving stolen property, illegal searches, unlawful restraint, kidnapping, false imprisonment, criminal coercion, illegal asset forfeiture, excessive use of force, assault and battery, harassment, and criminal conspiracy.

350. It was the policy and/or custom of Defendant City of Philadelphia to insufficiently supervise, train and/or re-train, and/or discipline against the police misconduct set forth in this Complaint.

351. It was the policy and/or custom of Defendant City of Philadelphia to inadequately supervise, train, and discipline its Police Officers, including the Defendant Police Officers, against a code of silence or "blue code" of Police Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Police Officers.

352. The present and past Philadelphia Police Commissioners and Deputy Commissioners with policy-making authority had actual knowledge and/or constructive knowledge of the policies and customs of Philadelphia Police Department failing to sufficiently supervise, train and/or re-train, and discipline against the police misconduct set forth in this Complaint.

353. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Police Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

WHEREFORE, Plaintiff Baron Adams demands judgment against Defendant City of Philadelphia in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT XXVIII**
**Plaintiff Franklin Stewart**
**42 U.S.C. § 1983**
**Against Defendant Officer Jeffrey Walker**
***Malicious Prosecution***

354.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

355.    Since the age 18 in 2003, Plaintiff Franklin Stewart has been repeatedly harassed, profiled, illegally searched, assaulted, terrorized and tormented by Defendant Officer Walker.

356.    On September 8, 2003, Defendant Officer Jeffrey Walker and Officer Brian Reynolds assaulted Stewart while he was lawfully present at the 33rd & Wallace Playground in Philadelphia.

357.    Defendant Officer Walker then planted drugs on Stewart and alleged that they belonged to Stewart.

358.    Defendant Officer Walker then arrested Stewart based on the false allegations of supposed drug possession by Stewart.

359.    Franklin Stewart paid private counsel $1,100.00 to represent him and was represented by private counsel in his criminal proceeding.

360.    After a trial in the court of common pleas, Franklin Stewart was found guilty of possession of a controlled substance with intent to deliver or manufacture.

361.    Franklin Stewart served six to twenty-three months incarceration, two years probation, and was assessed $2,637.17 in court costs for the conviction.

362.    The Philadelphia District Attorney's Office has refused to *nolle prosse* this conviction.

363.    Between 2003 and 2011, Defendant Officer Jeffrey Walker would repeatedly target, follow, stop, harass, illegally search, terrorize and torment Stewart.

364.    Then, on June 15, 2011, Stewart was legally driving a car in a Philadelphia, Pennsylvania neighborhood.

365.    Defendant Officer Walker driving in a police vehicle spotted Stewart and pulled him over without cause.

366.    Defendant Officer Walker then planted drugs on Stewart and alleged that they belonged to Stewart.

367.    Defendant Officer Walker also confiscated and stole $1,000.00 from Stewart.

368.    Plaintiff Franklin Stewart, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction, was arrested and transported to a police district where he was arraigned on the following charge:

    a.  Manufacture, delivery, or possession of a controlled substance with intent to deliver or manufacture, pursuant to 35 P.S. §780-113; and

    b.  Intentional possession of a controlled substance by a person not registered to possess the controlled substance, pursuant to 35 P.S. §780-113.

61

369.    The Defendant Officer Walker caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Stewart for the incident described in this complaint.

370.    The Defendant Officers were aware of exculpatory information about the Plaintiff Franklin Stewart.

371.    The exculpatory information known to police that was not provided to Franklin Stewart included the real facts and circumstances of the incident.

372.    The Defendant Officers misrepresented the events that led to the arrest of Franklin Stewart and the misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Franklin Stewart's rights.

373.    Franklin Stewart paid private counsel $2,500.00 to represent him and was represented by private counsel in his criminal proceeding.

374.    After a preliminary hearing, Franklin Stewart's case was held over for trial.

375.    As a result of Defendant Walker's activities as described above and his subsequent suspension, Franklin Stewart 's criminal case from his arrest on June 15, 2011 was *nolle prossed* by the Philadelphia District Attorney's Office on September 24, 2013.

376.    Plaintiff Franklin Stewart was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.

377.    More specifically, Defendant Officer Walker seized and arrested Franklin Stewart, and instituted criminal proceedings against Stewart without probable cause and with malice.

378.    The criminal proceeding initiated on June 15, 2011 was terminated in favor of Franklin Stewart.

379.    Defendant Officer Walker's conduct was the direct and proximate cause of Plaintiff Franklin Stewart's harm.

WHEREFORE, Plaintiff Franklin Stewart demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

### COUNT XXIX
### Plaintiff Franklin Stewart
### Supplemental State Law Claim
### Against Defendant Officer Jeffrey Walker
### *Malicious Prosecution*

380.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

381.    Plaintiff Franklin Stewart was damaged and injured as set forth above by Defendant Officer Walker in that he intentionally and unlawfully instituted criminal proceedings against Plaintiff without probable cause and with malice.

382.    The criminal proceedings were terminated in favor of Franklin Stewart

383.    Defendant Walker's conduct was the direct and proximate cause of Plaintiff's harm.

WHEREFORE, Plaintiff Franklin Stewart demands judgment against Defendant Officer

in the amount of all damages, including compensatory damages and punitive damages,

plus interest, injunctive relief, such other relief as appears reasonable and just.

### COUNT XXX
### Plaintiff Franklin Stewart
### 42 U.S.C. § 1983 Against Defendant City of Philadelphia

384.    All preceding paragraphs are fully incorporated herein by specific

reference as though fully set forth.

385.    Plaintiff Franklin Stewart was damaged and injured as set forth above

under 42 U.S.C. §1983 by Defendant City of Philadelphia in that its Police Officers, as

described in detail in preceding paragraphs, engaged in police misconduct in violation of

Plaintiff's constitutional rights while acting under color of law.

386.    Prior to September 8, 2003 and June 15, 2011, Defendant City of

Philadelphia developed and maintained policies and/or customs of police misconduct

exhibiting deliberate indifference to the constitutional rights of persons in the City of

Philadelphia, which caused the violation of Plaintiff's rights.

387.    It was the policy and/or custom of Defendant Police Officers to engage

while on-duty in criminal conduct, including but not limited to official oppression, perjury,

false swearing, unsworn falsification to authorities, false incrimination of others, fictitious

reports, tampering with or fabricating physical evidence, tampering with public records

or information, intimidation of witnesses or victims, retaliation against witnesses or

victims, falsification of police documents, obstruction of administration of law, robbery,

theft by unlawful taking, theft by extortion, theft by deception, theft from a motor vehicle,

receiving stolen property, illegal searches, unlawful restraint, kidnapping, false

imprisonment, criminal coercion, illegal asset forfeiture, excessive use of force, assault and battery, harassment, and criminal conspiracy.

388.    It was the policy and/or custom of Defendant City of Philadelphia to insufficiently supervise, train and/or re-train, and/or discipline against the police misconduct set forth in this Complaint.

389.    It was the policy and/or custom of Defendant City of Philadelphia to inadequately supervise, train and discipline its Police Officers, including the Defendant Police Officers, against a code of silence or "blue code" of Police Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Police Officers.

390.    The present and past Philadelphia Police Commissioners and Deputy Commissioners with policy-making authority had actual knowledge and/or constructive knowledge of the policies and customs of Philadelphia Police Department failing to sufficiently supervise, train and/or re-train, and discipline against the police misconduct set forth in this Complaint.

391.    As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Police Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

WHEREFORE, Plaintiff Franklin Stewart demands judgment against Defendant City of Philadelphia in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears

reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT XXXI**
**Plaintiff Askim Deloach**
**42 U.S.C. § 1983**
**Against Defendant Officer Jeffrey Walker**
***Malicious Prosecution***

392.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

393.    On or about June 22, 2011 Plaintiff Askim Deloach was present in the neighborhood of the 2100 block of Daggett Street in Philadelphia, Pennsylvania.

394.    On or about the same time Defendant Officer Walker, was purportedly using a confidential informant to purchase drugs in the neighborhood of the 2100 block of Daggett Street.

395.    Defendant Officer Walker alleged that the confidential informant purchased marijuana from Deloach using a marked $20.00 bill.

396.    Deloach was stopped by Philadelphia police officers on the orders of Defendant Officer Walker as Deloach stood outside of the residence at 2118 Daggett Street in Philadelphia, Pennsylvania.

397.    After arresting Deloach, Defendant Officer Walker searched Deloach and found no drugs or money on Deloach.

398.    Askim Deloach, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction, was arrested and transported to a police district where he was arraigned on the following charges:

a.  Manufacture, delivery, or possession with intent to deliver a controlled substance, pursuant to 35 P.S. §780-113; and

b.  Intentional possession of a controlled substance by a person not registered to possess the controlled substance, pursuant to 35 P.S. §780-113.

399.    Defendant Officer Walker prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff Askim Deloach for the incident described in this complaint.

400.    The Defendant Officers were aware of exculpatory information about the arrest of Deloach, but that exculpatory information was not provided to Deloach.

401.    Defendant Officer Walker misrepresented the events that led to the arrest of Askim Deloach, and the misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Askim Deloach's rights.

402.    The Defender Association of Philadelphia represented Askim Deloach in his criminal proceeding.

403.    After common pleas court trial, Deloach was found guilty of possession with intent to deliver a controlled substance.

404.    Deloach was sentenced to three years probation and was assessed $1,146.44 in court costs for this conviction.

405.    As a result of Defendant Walker's activities as described above and his subsequent suspension, Askim Deloach's criminal case was *nolle prossed* by the Philadelphia District Attorney's Office on November 8, 2013.

406.  As a direct and proximate result of the Defendants' actions, Askim Deloach was deprived of his rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

407.  The actions and/or inactions of the Defendant Officer Walker violated the constitutional rights of Askim Deloach to be free from use of excessive, unreasonable, and unjustified force against her person, the right to be free from malicious prosecution, and the right to due process of law.

408.  All actions taken by the Defendant in this case were taken under color of state law.

409.  As a direct and proximate result of the actions and/or inactions of Defendant Officer Walker in this case, Askim Deloach has suffered physical pain, loss of liberty, anxiety, fear, mental harm, and financial loss.

WHEREFORE, Plaintiff Askim Deloach demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT XXXII**
**Plaintiff Askim Deloach**
**Supplemental State Law Claim**
**Against Defendant Officer Jeffrey Walker**
***Malicious Prosecution***

410.   All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

411.   Plaintiff Askim Deloach was damaged and injured as set forth above by Defendant Officer Jeffrey Walker in that he intentionally and unlawfully instituted criminal proceedings against Plaintiff Askim Deloach without probable cause and with malice.

412.   The criminal proceedings were terminated in favor of Askim Deloach.

413.   Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

WHEREFORE, Plaintiff Askim Deloach demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just.

### COUNT XXXIII
### Plaintiff Askim Deloach
### 42 U.S.C. § 1983
### Against Defendant City of Philadelphia

414.   All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

415.   Plaintiff Askim Deloach was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant City of Philadelphia in that its Police Officers, as described in detail in preceding paragraphs, engaged in police misconduct in violation of Plaintiff's constitutional rights while acting under color of law.

416.   Prior to June 22, 2011, Defendant City of Philadelphia developed and maintained policies and/or customs of police misconduct exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

417.   It was the policy and/or custom of Defendant Police Officers to engage while on-duty in criminal conduct, including but not limited to official oppression, perjury, false swearing, unsworn falsification to authorities, false incrimination of others, fictitious reports, tampering with or fabricating physical evidence, tampering with public records or information, intimidation of witnesses or victims, retaliation against witnesses or victims, falsification of police documents, obstruction of administration of law, robbery, theft by unlawful taking, theft by extortion, theft by deception, theft from a motor vehicle, receiving stolen property, illegal searches, unlawful restraint, kidnapping, false imprisonment, criminal coercion, illegal asset forfeiture, excessive use of force, assault and battery, harassment, and criminal conspiracy.

418.   It was the policy and/or custom of Defendant City of Philadelphia to insufficiently supervise, train and/or re-train, and/or discipline against the police misconduct set forth in this Complaint.

419.   It was the policy and/or custom of Defendant City of Philadelphia to inadequately supervise, train, and discipline its Police Officers, including the Defendant Police Officers, against a code of silence or "blue code" of Police Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Police Officers.

420.   The present and past Philadelphia Police Commissioners and Deputy

Commissioners with policy-making authority had actual knowledge and/or constructive knowledge of the policies and customs of Philadelphia Police Department failing to sufficiently supervise, train and/or re-train, and discipline against the police misconduct set forth in this Complaint.

421.    As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Police Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

WHEREFORE, Plaintiff Askim Deloach demands judgment against Defendant City of Philadelphia in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT XXXIV**
**Plaintiff Cyrus Davis**
**42 U.S.C. § 1983**
**Against Defendant Officers**
**Jeffrey Walker, Jackson (#2645), and Vargas (#4097)**
***Malicious Prosecution***

422.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

423.    On June 29, 2011, Plaintiff Cyrus Davis was present outside a residence located at 2645 N. 23rd Street, Philadelphia, Pennsylvania.

424.    Defendant Officer Walker unlawfully obtained a search warrant based on purported prior surveillance of 2645 N. 23rd Street, Philadelphia, Pennsylvania, by Defendant Officer Walker using a Confidential Informant.

425.    Shortly thereafter, Defendant Officers Walker, Jackson (#2645), and Vargas (#4097), along with other police officers executed the search warrant at 2645 N. 23rd Street in Philadelphia, Pennsylvania.

426.    Defendant Officer Walker and other police officers then planted drugs inside of the residence and alleged that they belonged to Cyrus Davis.

427.    Cyrus Davis, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction, was arrested and transported to a police district where he was arraigned on the following charges:

   a.    Manufacture, delivery, or possession with intent to deliver a controlled    substance, pursuant to 35 P.S. §780-113; and

   b.    Intentional possession of a controlled substance by a person not registered to possess the controlled substance, pursuant to 35 P.S. §780-113; and

   c.    Use/possession of drug paraphernalia, pursuant to 35 P.S. §780-113.

428.    The Defendant Officers Walker, Jackson, and Vargas and other officers prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff Cyrus Davis for the incident described in this complaint.

429.    The Defendant Officers Walker, Jackson, and Vargas were aware of exculpatory information about the Plaintiff Cyrus Davis.

430.   The exculpatory information known to police that was not provided to Cyrus Davis included the real facts and circumstances of the incident.

431.   The Defendant Officers Walker, Jackson, and Vargas misrepresented the events that led to the arrest of Cyrus Davis, and the misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Cyrus Davis's rights.

432.   The Defender Association of Philadelphia represented Cyrus Davis in his criminal proceeding.

433.   After a municipal court trial, Cyrus Davis was found guilty of the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.

434.   Cyrus Davis served eighteen months probation and was assessed $901.44 in court costs for this conviction.

435.   As a result of Defendant Walker's activities as described above and his subsequent suspension, Cyrus Davis's criminal case was *nolle prossed* by the Philadelphia District Attorney's Office on June 20, 2014.

436.   As a direct and proximate result of the Defendants' actions, Cyrus Davis was deprived of his rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

437.    The actions and/or inactions of the Defendants violated the constitutional rights of Cyrus Davis to be free from use of excessive, unreasonable, and unjustified force against his person, the right to be free from malicious prosecution, and the right to due process of law.

438.    All actions taken by the Defendants Walker, Jackson, and Vargas in this case were taken under color of state law.

439.    As a direct and proximate result of the actions and/or inactions of the Defendants Walker, Jackson, and Vargas in this case, Cyrus Davis has suffered physical pain, loss of liberty, anxiety, fear, mental harm, and financial loss.

440.    Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that he, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.

441.    More specifically, Defendant Officers Walker, Jackson, and Vargas seized and arrested Cyrus Davis, and instituted criminal proceedings against Cyrus Davis without probable cause and with malice.

442.    The criminal proceedings were terminated in favor of Cyrus Davis.

443.    Defendant Officers' conduct was the direct and proximate cause of Plaintiff's harm.

WHEREFORE, Plaintiff Cyrus Davis demands judgment against Defendant Officers Jeffrey Walker, Jackson (#2645), and Vargas (#4097) in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

### COUNT XXXV
### Plaintiff Cyrus Davis
### Supplemental State Law Claim
### Against Defendant Officers
### Jeffrey Walker, Jackson (#2645), and Vargas (#4097)
### *Malicious Prosecution*

444.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

445.    Plaintiff was damaged and injured as set forth above by Defendant Officers Walker, Jackson (#2645), and Vargas (#4097) in that they intentionally and unlawfully instituted criminal proceedings against Plaintiff Cyrus Davis without probable cause and with malice.

446.    The criminal proceedings were terminated in favor of Cyrus Davis.

447.    Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

WHEREFORE, Plaintiff Cyrus Davis demands judgment against Defendant Officers Jeffrey Walker, Jackson (#2645), and Vargas (#4097) in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just.

### COUNT XXXVI
### Plaintiff Cyrus Davis
### 42 U.S.C. § 1983
### Against Defendant City of Philadelphia

448.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

449.    Plaintiff Cyrus Davis was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant City of Philadelphia in that its Police Officers, as

described in detail in preceding paragraphs, engaged in police misconduct in violation of Plaintiff's constitutional rights while acting under color of law.

450.    Prior to June 29, 2011, Defendant City of Philadelphia developed and maintained policies and/or customs of police misconduct exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

451.    It was the policy and/or custom of Defendant Police Officers to engage while on-duty in criminal conduct, including but not limited to official oppression, perjury, false swearing, unsworn falsification to authorities, false incrimination of others, fictitious reports, tampering with or fabricating physical evidence, tampering with public records or information, intimidation of witnesses or victims, retaliation against witnesses or victims, falsification of police documents, obstruction of administration of law, robbery, theft by unlawful taking, theft by extortion, theft by deception, theft from a motor vehicle, receiving stolen property, illegal searches, unlawful restraint, kidnapping, false imprisonment, criminal coercion, illegal asset forfeiture, excessive use of force, assault and battery, harassment, and criminal conspiracy.

452.    It was the policy and/or custom of Defendant City of Philadelphia to insufficiently supervise, train and/or re-train, and/or discipline against the police misconduct set forth in this Complaint.

453.    It was the policy and/or custom of Defendant City of Philadelphia to inadequately supervise, train and discipline its Police Officers, including the Defendant Police Officers, against a code of silence or "blue code" of Police Officers refusing to

intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Police Officers.

454.    The present and past Philadelphia Police Commissioners and Deputy Commissioners with policy-making authority had actual knowledge and/or constructive knowledge of the policies and customs of Philadelphia Police Department failing to sufficiently supervise, train and/or re-train, and discipline against the police misconduct set forth in this Complaint.

455.    As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Police Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

WHEREFORE, Plaintiff Cyrus Davis demands judgment against Defendant City of Philadelphia in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT XXXVII**
**Plaintiff Leroy Black**
**42 U.S.C. § 1983**
**Against Defendant Officer Jeffrey Walker**
***Malicious Prosecution***

456.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

457.   On or about December 31, 2011, Plaintiff Leroy Black was arrested by Defendant Officer Jeffrey Walker in the neighborhood of 600 North 4th Street in Philadelphia, Pennsylvania.

458.   During the arrest, Defendant Officer Walker planted drugs on Plaintiff Leroy Black's person and misrepresented that the drugs belonged to Leroy Black.

459.   Leroy Black, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction, was arrested and transported to a police district where he was arraigned on the following charge:

> a.  Intentional possession of a controlled substance by a person not registered to possess the controlled substance, pursuant to 35 P.S. §780-113.

460.   The Defendant Officer Walker prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff Leroy Black for the incident described in this complaint.

461.   The Defendant Officer Walker was aware of exculpatory information about the Plaintiff Leroy Black.

462.   The exculpatory information known to police that was not provided to Leroy Black included the real facts and circumstances of the incident.

463.   The Defendant Officer Walker misrepresented the events that led to the arrest of Leroy Black, and the misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Leroy Black's rights.

464.   The Defender Association of Philadelphia represented Leroy Black in his criminal proceeding.

465.    After a preliminary hearing, Leroy Black's case was held over for trial, and he pled *nolle contendere* to Intentional possession of a controlled substance by a person not registered to possess the controlled substance.

466.    Leroy Black was sentenced to treatment court and was assessed $160.00 in court fees for this conviction.

467.    As a result of Defendant Officer Walker's activities as described above and his subsequent termination; the Philadelphia District Attorney's Office dismissed Leroy Black's criminal case on April 8, 2014.

468.    Plaintiff Leroy Black was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officer Walker in that he, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.

469.    More specifically, Defendant Officer Walker seized and arrested Leroy Black, and instituted criminal proceedings against Leroy Black without probable cause and with malice.

470.    The criminal proceedings were terminated in favor of Leroy Black.

471.    Defendant Officer Walker's conduct was the direct and proximate cause of Plaintiff Leroy Black's harm.

WHEREFORE, Plaintiff Leroy Black demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XXXVIII
## Plaintiff Leroy Black

**Supplemental State Law Claim**
**Against Defendant Officer Jeffrey Walker**
***Malicious Prosecution***

472.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

473.    Plaintiff Leroy Black was damaged and injured as set forth above by Defendant Officer Jeffrey Walker in that they intentionally and unlawfully instituted criminal proceedings against Plaintiff Leroy Black without probable cause and with malice.

474.    The criminal proceedings were terminated in favor of Leroy Black.

475.    Defendant's conduct was the direct and proximate cause of Plaintiff's harm.

WHEREFORE, Plaintiff Leroy Black demands judgment against Defendant Officer Jeffrey Walker in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just.

**COUNT XXXIX**
**Plaintiff Leroy Black**
**42 U.S.C. § 1983**
**Against Defendant City of Philadelphia**

476.    All preceding paragraphs are fully incorporated herein by specific reference as though fully set forth.

477.    Plaintiff Leroy Black was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant City of Philadelphia in that its Police Officers, as described in detail in preceding paragraphs, engaged in police misconduct in violation of Plaintiff's constitutional rights while acting under color of law.

80

478.    Prior to November 3, 20014,  Defendant City of Philadelphia developed and maintained policies and/or customs of police misconduct exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

479.    It was the policy and/or custom of Defendant Police Officers to engage while on-duty in criminal conduct, including but not limited to official oppression, perjury, false swearing, unsworn falsification to authorities, false incrimination of others, fictitious reports, tampering with or fabricating physical evidence, tampering with public records or information, intimidation of witnesses or victims, retaliation against witnesses or victims, falsification of police documents, obstruction of administration of law, robbery, theft by unlawful taking, theft by extortion, theft by deception, theft from a motor vehicle, receiving stolen property, illegal searches, unlawful restraint, kidnapping, false imprisonment, criminal coercion, illegal asset forfeiture, excessive use of force, assault and battery, harassment, and criminal conspiracy.

480.    It was the policy and/or custom of Defendant City of Philadelphia to insufficiently supervise, train and/or re-train, and/or discipline against the police misconduct set forth in this Complaint.

481.    It was the policy and/or custom of Defendant City of Philadelphia to inadequately supervise, train and discipline its Police Officers, including the Defendant Police Officers, against a code of silence or "blue code" of Police Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Police Officers.

482.    The present and past Philadelphia Police Commissioners and Deputy

Commissioners with policy-making authority had actual knowledge and/or constructive knowledge of the policies and customs of Philadelphia Police Department failing to sufficiently supervise, train and/or re-train, and discipline against the police misconduct set forth in this Complaint.

483.    As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Police Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

WHEREFORE, Plaintiff Leroy Black demands judgment against Defendant City of Philadelphia in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

Eric F. Spade, Esquire
THE SPADE LAW FIRM, LLC
One South Broad Street, Suite 1830
Philadelphia, PA  19107
(215) 772-0600

Val Pleet Wilson, Esquire
WILSON & JOHNSON
One South Broad Street, Suite 1830
Philadelphia, PA  19107
(215) 988-9277

**Counsel for Plaintiffs**

**JURY DEMAND**

Plaintiffs hereby demand a jury trial as to each Defendant and as to each count.

_____
Val Pleet Wilson

_____
Eric F. Spade